IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC.; AND UNILOC LUXEMBOURG S.A., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) | CIVIL ACTION NO. 6:12-cv-424 (LED) |
| DREAMSTIME.COM, LLC | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

**DEFENDANT DREAMSTIME.COM, LLC'S
ANSWER AND COUNTERCLAIMS**

Defendant and Counterclaimant-Plaintiff Dreamstime.com, LLC ("Dreamstime") by and through the undersigned attorneys hereby responds by way of Answer, Affirmative Defenses and Counterclaims to the Complaint of Plaintiffs and Counterdefendants Uniloc USA, Inc., and Uniloc Luxembourg S.A. (collectively, "Plaintiffs") as follows:

**PARTIES**

1.     Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

2.     Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

3.     Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

4.      Dreamstime admits that U.S. Patent No. 7,099,849 (the "'849 Patent") is entitled "Integrated Media Management and Rights Distribution Apparatus."   Except as so admitted, Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

5.      Dreamstime admits that its principal place of business is located at 1616 Westgate Circle, Brentwood, Tennessee 37027, and that it has appointed the firm of Bryn & Associates, P.A., as its registered agent for service of process.   Dreamstime further admits that the firm of Bryn & Associates, P.A., is located at 2 South Biscayne Blvd., Suite 2680, Miami, Florida 33131. Dreamstime denies that it is a Florida corporation and asserts in response that it is a Florida limited liability company.   Although Dreamstime admits that it has customers who reside in Texas, throughout the United States, and within the Eastern District of Texas, Dreamstime denies that it or any of its subsidiaries, affiliates, business divisions, or business units regularly conducts or transacts business in Texas or the Eastern District of Texas.

## JURISDICTION AND VENUE

6.      Dreamstime admits that the present action purports to arise under the patent laws of the United States.   The remaining allegations in paragraph 6 of the Complaint are legal conclusions that do not require a response from Dreamstime.   To the extent they require a response, Dreamstime denies the remaining allegations in paragraph 6 of the Complaint.

7.      Dreamstime denies transacting business in the Eastern District of Texas. Dreamstime further denies committing any acts of patent infringement, whether in the Eastern District of Texas or otherwise.   The remaining allegations in paragraph 7 of the Complaint are

legal conclusions and do not require a response from Dreamstime.  To the extent they require a response, Dreamstime denies the remaining allegations in paragraph 7 of the Complaint.

8.      Dreamstime denies any substantial business in the Eastern District of Texas. Dreamstime admits to operating an interactive website that is accessible in the Eastern District of Texas.  Dreamstime denies regularly doing or soliciting business, engaging in any persistent course of conduct, or deriving substantial revenue from goods or services provided to persons or entities in the Eastern District of Texas.  The remaining allegations in paragraph 8 of the Complaint are legal conclusions and do not require a response from Dreamstime.  To the extent they require a response, Dreamstime denies the remaining allegations in paragraph 8 of the Complaint.

**COUNT I**
**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,099,849**

9.      Dreamstime admits that the '849 Patent was purportedly issued on August 29, 2006.  Except as so admitted, Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

10.     Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

11.     Dreamstime denies the allegations in paragraph 11 of the Complaint.

12.     Dreamstime admits that it owns and operates the website found at www.dreamstime.com.  Except as so admitted, Dreamstime denies the remaining express and/or implied allegations in paragraph 12 of the Complaint.

13.     The allegations in paragraph 13 of the Complaint are presented in the form of one or more legal conclusions and therefore do not require a response from Dreamstime.  To the extent they are deemed to require a response, Dreamstime denies the allegations expressed in and implied by paragraph 13 of the Complaint.

14.     The allegations in paragraph 14 of the Complaint are presented in the form of one or more legal conclusions and therefore do not require a response from Dreamstime.  To the extent they are deemed to require a response, Dreamstime denies the allegations expressed in and implied by paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains no discernible allegation and therefore does not require a response from Dreamstime.  To the extent they are deemed to require a response, Dreamstime denies the allegations expressed in and implied by paragraph 15 of the Complaint.

16.     Paragraph 16 of the Complaint contains no discernible allegation and therefore does not require a response from Dreamstime.  To the extent they are deemed to require a response, Dreamstime denies the allegations expressed in and implied by paragraph 16 of the Complaint.

17.     Paragraph 17 of the Complaint contains no discernible allegation and therefore does not require a response from Dreamstime.  To the extent they are deemed to require a response, Dreamstime denies the allegations expressed in and implied by paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint contains no discernible allegation and therefore does not require a response from Dreamstime.  To the extent they are deemed to require a

response, Dreamstime denies the allegations expressed in and implied by paragraph 18 of the Complaint.

19.     Dreamstime denies any conduct that could be considered infringing.  Dreamstime is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 of the Complaint and therefore denies those allegations, demanding specific proof of the same.

## PLAINTIFFS' PRAYER FOR RELIEF

Dreamstime denies any and all allegations contained in the remainder of the Complaint and denies that Plaintiffs are entitled to any of the relief requested in paragraphs 1 through 4 of their Prayer for Relief or to any relief in any form whatsoever from Dreamstime.  Dreamstime further denies each and every allegation in the Complaint to which it has not specifically responded.

## JURY DEMAND

Dreamstime acknowledges that Plaintiffs have requested a trial by Jury

## AFFIRMATIVE DEFENSES

In addition to the defenses alleged herein, Dreamstime reserves the right to allege additional defenses as they become known during the course of discovery.

### *First Affirmative Defense*

20.     One or more of the asserted claims of the '849 Patent are invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     Particularly, the '849 Patent's claims on which Plaintiffs rely in asserting the Complaint lack novelty and/or non-obviousness in view of the following printed publications and patents, among others:

   a.   Misra et al., U.S. Patent No. 6,189,146, a true and correct copy of which is submitted herewith as Exhibit A;

   b.   Griswold, U.S. Patent No. 5,940,504, a true and correct coy of which is submitted herewith as Exhibit B;

   c.   Domenikos, U.S. Patent No. 5,838,910, a true and correct copy of which is submitted herewith as Exhibit C;

   d.   Prospectus of Audible, Inc. (filed with U.S. Securities and Exchange Commission on Jul. 16, 1999), a true and correct copy of which is submitted herewith as Exhibit D; and

   e.   Prospectus of Getty Images, Inc. (filed with U.S. Securities and Exchange Commission on Jan. 9, 1998), a true and correct copy of which is submitted herewith as Exhibit E.

### *Second Affirmative Defense*

22.     Dreamstime has not willfully or otherwise infringed, contributed to the infringement of, or actively induced others to infringe any valid and enforceable claim of the '849 Patent, either directly or indirectly, either literally or under the doctrine of equivalents.

### *Third Affirmative Defense*

23.     Plaintiffs have failed to state a claim upon which relief can be granted or otherwise sufficiently alleged infringement against Dreamstime

### *Fourth Affirmative Defense*

24.     Plaintiffs' claim for relief and prayer for damages are statutorily limited by 35 U.S.C. §§ 286, 287, 288 and/or 28 U.S.C. §1498.

### *Fifth Affirmative Defense*

25.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of implied license, laches, estoppel, unclean hands and/or waiver.

### *Sixth Affirmative Defense*

26.     Plaintiffs' claim for injunctive relief is barred because there exists an adequate remedy at law and Plaintiffs' claim otherwise fails to meet the requirements for such relief.

### *Seventh Affirmative Defense*

27.     Plaintiffs' claims are barred in whole or in part due to its failure to mitigate damages, if any.

### *Eighth Affirmative Defense*

28.     Plaintiffs lack standing to bring infringement claims based on the '849 Patent because, upon information and belief, they do not own all rights, title and interest in the '849 Patent.

## COUNTERCLAIMS FOR DECLARATORY JUDGMENT

COMES NOW Dreamstime.com, LLC ("Dreamstime") in the capacity of Counterclaimant-Plaintiff and files these Counterclaims against Counterdefendants Uniloc USA, Inc., and Uniloc Luxembourg S.A. (collectively, "Counterdefendants") and in so doing alleges as follows:

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over these Counterclaims for declaratory relief under Title 35 of the United States Code, 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

2.     Venue is proper in this Court because Counterdefendants have consented to venue in the Eastern District of Texas by filing their claim for patent infringement in this Court.

3.     Upon information and belief, and by virtue of the filing of the instant action, this Court has personal jurisdiction over Counterdefendants.

## PARTIES

4.     Dreamstime is a Florida limited liability company with its principal place of business in Brentwood, Tennessee.

5.     Upon information and belief, Uniloc USA, Inc., is a corporation formed under the laws of the State of Texas.

6.     Upon information and belief, Uniloc Luxembourg S.A. is a limited liability entity formed under the laws of the Grand Duchy of Luxembourg.

7.     As Counterdefendants are the plaintiffs in the above-captioned action, they may be served with a copy of these Counterclaims by service in accordance with Rule 5 of the Federal Rules of Civil Procedure.

## FACTS

8.     Counterdefendants have alleged that they are the owners of the patent whose number, title ,and issue date are as follows:   U.S. Patent No. 7,099,849; "Integrated Media Management and Rights Distribution Apparatus"; August 29, 2006 (the "'849 patent").

9.      Counterdefendants have sued Dreamstime for infringement of the '849 Patent, alleging that Dreamstime "has been and is now infringing the '849 patent" under 35 U.S.C. § 271.  (Doc. No. 1 ¶ 13.)

10.     A real, immediate, and justiciable controversy exists between Dreamstime and Counterdefendants.   The controversy relates to the invalidity, unenforceability, and non-infringement of the '849 Patent.

### COUNT I

*Declaratory Judgment of*
*Patent Invalidity*

11.     Dreamstime repeats and re-alleges the Counterclaim allegations of paragraphs 1-10 above as if herein fully set forth.

12.     Upon information and belief, each of the claims in the '849 Patent are invalid for failing to comply with the conditions and requirements for patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically §§ 102, 103 and/or 112 and the rules, regulations, and laws pertaining thereto.

13.     Upon information and belief, Counterdefendants are aware that the '849 Patent is invalid and have sued Dreamstime in bad faith.

14.     In particular, Counterdefendants are aware that the '849 Patent's claims lack novelty and/or non-obviousness in view of the following printed publications and patents, among others:

> a.  Misra et al., U.S. Patent No. 6,189,146, a true and correct copy of which is submitted herewith as Exhibit A;

b. Griswold, U.S. Patent No. 5,940,504, a true and correct coy of which is

submitted herewith as Exhibit B;

c. Domenikos, U.S. Patent No. 5,838,910, a true and correct copy of which is

submitted herewith as Exhibit C;

d. Prospectus of Audible, Inc. (filed with U.S. Securities and Exchange

Commission on Jul. 16, 1999), a true and correct copy of which is

submitted herewith as Exhibit D; and

e. Prospectus of Getty Images, Inc. (filed with U.S. Securities and Exchange

Commission on Jan. 9, 1998), a true and correct copy of which is

submitted herewith as Exhibit E.

15.     Accordingly, Dreamstime seeks a declaratory judgment pursuant to 28 U.S.C. §§

2201-2202 that the '849 Patent is invalid.

## COUNT II

*Declaratory Judgment of*
*Non-Infringement Under 35 U.S.C. § 271(a)-(c)*

16.     Dreamstime repeats and re-alleges the Counterclaim allegations of paragraphs

1-15 above as if herein fully set forth.

17.     Dreamstime has not infringed and does not infringe any valid and enforceable

claim of the '849 Patent literally or under the doctrine of equivalents.

18.     Dreamstime has not induced and does not induce others to infringe any valid and

enforceable claims of the '849 Patent.

19.     Dreamstime has not contributed to and does not contribute to the infringement of

any valid and enforceable claims of the '849 Patent.

## COUNT III

### *Attorneys' Fees and Costs*

20.     Dreamstime repeats and re-alleges the Counterclaim allegations of paragraphs 1-19 above as if herein fully set forth.

21.     Dreamstime is entitled to a declaration that this is an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling Dreamstime to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this action.

## PRAYER FOR RELIEF

WHEREFORE, Dreamstime respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.  Dismiss with prejudice the Complaint against Dreamstime;

b.  Hold that Counterdefendants are not entitled to any relief, whether in law or equity or otherwise, from their suit against Dreamstime;

c.  Declare that Dreamstime has not infringed and does not infringe any claim of the '849 Patent;

d.  Declare that each and every claim of the '849 Patent is invalid;

e.  Permanently enjoin Counterdefendants, their successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the '849 Patent against Dreamstime or any parents, affiliates, or subsidiaries of Dreamstime or any of its respective officers, agents, employees, successors, or assigns;

-11-
Defendant Dreamstime.com, LLC's
Answer and Counterclaims

f.  Find this case exceptional and award Dreamstime its costs and expenses, including reasonable attorneys' fees, in accordance with the provisions of 35 U.S.C. § 285 or otherwise; and

g.  Award to Dreamstime any additional relief that this Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Dreamstime respectfully demands a jury trial of all issues triable to a jury in this action.

Respectfully submitted,

By:  */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Michael D. Findlay
State Bar No. 24077855
**Findlay Craft LLP**
6760 Old Jacksonville Highway,
Suite 101
Tyler, Texas 75703
Telephone:  (903) 534-1100
Facsimile:   (903) 534-1137
Email:  efindlay@findlaycraft.com
Email: mfindlay@findlaycraft.com

Jason A. Fischer
Pro Hac Vice Motion Pending
jason@markbryn.com
**Bryn & Associates, P.A.**
2 South Biscayne Blvd., Suite 2680
Miami, Florida 33131
Tel. 305-374-0501
Fax 305-372-8068

Defendant Dreamstime.com, LLC's
Answer and Counterclaims

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served this 6th day of September, 2012, with a copy of this document via the Court's CM/ECF system, per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission, and/or first class mail on this same date.

By: */s/ Eric H. Findlay*
Eric H. Findlay